BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Major Frauds and Transnational Organized Crime Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429
     Facsimile: (213) 894-0241
     E-mail:    Nisha.Chandran@usdoj.gov

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER (D.C. Bar No. 978680)
ADAM L.D. STEMPEL (D.C. Bar No. 1615015)
Trial Attorneys, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue, NW
     Washington, DC 20530
     Telephone: (202) 514-5799
     Facsimile: (202) 514-3708
     Email: Theodore.Kneller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>JOSEPH NEAL SANBERG,<br><br>             Defendant. | No. 2:25-cr-00200(A)-SVW<br><br>[PROPOSED] ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2) |

Pursuant to 18 U.S.C. § 3771, the United States of America seeks an order pursuant to 18 U.S.C. § 3771(d)(2) authorizing it to provide notice by publication to the large number of crime victims in this case. Under Section 3771(a)(2), crime victims have a right

to "reasonable, accurate, and timely notice" of public court proceedings, including change of plea and sentencing hearings, the right to be "informed in a timely manner of any plea bargain," and the right to "confer with the attorney for the Government in the case."

In this case, the number of potential victims of the conduct alleged in the First Superseding Information exceeds 250 investors and lenders, and is expected to include additional investors and lenders who have yet to be identified, some of whom pooled investments through persons or entities about which there is no public information, or invested directly in Company A. It will thus be impracticable for the Government to identify and locate all victims and individually provide them with reasonable, accurate, and timely notice of this case and any future proceedings, including any change of plea and sentencing hearings.

Under such circumstances, 18 U.S.C. § 3771(d)(2) gives the Court the authority to "fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." The Government seeks authorization to provide notice to the potential victims by publication on the United States Department of Justice's website, in addition to direct notice to identified victims for whom the Government has contact information.

The Court finds (1) that the "multiple victim" provisions of 18 U.S.C. § 3771(d)(2) apply to the above-captioned case; (2) that it is impractical for the Government to identify and notify all the

2

direct and proximate victims of the charged offenses on an individual basis at this time without unduly complicating or delaying this matter; and (3) notice by publication is a "reasonable procedure" to give effect to the provisions of 18 U.S.C. § 3771. Accordingly, it is ordered that the United State is authorized to comply with 18 U.S.C. § 3771(a)(2) by providing notice to potential victims by publication.

IT IS SO ORDERED.

August 28, 2025
DATE

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
Theodore Kneller
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice